# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

HERMINIA DOLEMBA, on behalf of plaintiff   )
and the class defined below,   )
  )
        Plaintiff,   )
  )      No. 16 C 4971
    v.   )
  )      Judge Sara L. Ellis
KELLY SERVICES, INC., and JOHN DOES   )
1-10,   )
  )
        Defendants.   )

## <u>OPINION AND ORDER</u>

Plaintiff Herminia Dolemba brings a class action complaint against Defendant Kelly

Services, Inc. ("Kelly") and John Does 1-10, alleging violations of the Telephone Consumer

Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, and the Illinois Consumer Fraud Act

("ICFA"). Dolemba claims that Kelly and John Does 1-10 violated the TCPA and ICFA by

calling her cellular telephone using an automatic telephone dialing system ("ATDS") without her

express consent. Kelly moves to dismiss Dolemba's claims and strike her class allegations.

Because Dolemba consented to receiving employment-related calls, her TCPA claim fails. The

Court also dismisses her ICFA claim because she cannot establish the elements of an unfair

practices claim independently or based on a violation of the Automatic Telephone Dialers Act

("ITA"), 815 Ill. Comp. Stat. 305/1 *et seq.* Having dismissed both substantive claims, the Court

need not address Kelly's request to strike Dolemba's class allegations.

# BACKGROUND[1]

On February 27, 2016, Dolemba received a call on her cellular phone from Kelly using the number 877-565-8456. Kelly used an ATDS to place the call. Because Dolemba did not answer the call, Kelly left a voicemail message, soliciting individuals for employment as machine operators in the Northlake and Melrose Park areas. Dolemba had previously applied for employment with Kelly in March 2007, indicating interest in positions using office skills such as accounts payable and accounts receivable. Dolemba's employment application includes her cellular phone number. In signing the application, Dolemba "authorize[d] Kelly to collect, use, store, transfer, and purge the personal information that [she] provided for employment-related purposes." Doc. 35-1 at 5. Kelly never offered Dolemba a job, nor did Dolemba ever accept employment through Kelly. Dolemba also did not receive any communications from Kelly between the end of 2007 and February 2016. She had no reason to believe that Kelly still treated her application as active in 2016, with Kelly typically treating applications as outdated after a brief period of time.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a

---

[1] The facts in the background section are taken from Dolemba's second amended complaint and the exhibits attached thereto and are presumed true for the purpose of resolving Kelly's motion to dismiss. *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011); *Local 15, Int'l Bhd. of Elec. Workers, AFL-CIO v. Exelon Corp.*, 495 F.3d 779, 782 (7th Cir. 2007).

claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

### I.    TCPA Claim

The TCPA prohibits the use of an ATDS or prerecorded voice to call a cellular telephone without the recipient's prior express consent.[2] 47 U.S.C. § 227(b)(1)(A)(iii). Kelly argues that Dolemba consented to receive calls regarding employment opportunities from Kelly and so has

---

[2] In its opening brief, Kelly also argued that the calls must constitute an advertisement or telemarketing to violate the TCPA. *See* Doc. 37 at 11–13. Claiming that the call Dolemba received only amounted to a recruitment call, which courts do not consider advertisement or telemarketing, Kelly argued that "dismissal with prejudice" was "required here." *Id.* at 13. Dolemba pointed out in her response that Kelly had misstated the law, citing to cases addressing calls to landlines or faxes, for which liability depends on content of the call or fax, and not to cellular phones, for which liability does not. *See, e.g.*, *Aranda v. Caribbean Cruise Line, Inc.*, 179 F. Supp. 3d 817, 825–26 (N.D. Ill. 2016) (explaining the difference in the statutory scheme between calls to landlines and cellular phones). In reply, Kelly disclaimed having argued for dismissal on this ground, *see* Doc. 40 at 3 ("Kelly is not arguing – as Plaintiff suggests – that the alleged call is not actionable under the TCPA merely because it was not an 'advertisement' or 'telemarketing.'"). Instead, Kelly contended its argument was that the issue of whether the call constitutes an advertisement or telemarketing influences the form of consent required. That, however, is a pivot made only to avoid admitting that it attempted to obtain dismissal of the TCPA claim based on a misstatement of the law. Although the Court acknowledges some courts in this district have been misled by this argument, *see, e.g.*, *Payton v. Kale Realty, LLC*, 164 F. Supp. 3d 1050, 1061 (N.D. Ill. 2016) (applying advertising or telemarketing requirement to cellular phone), a plain reading of the statute reveals that liability for calls made to cellular phones under § 227(b)(1)(A)(iii), as opposed to calls made to landlines under § 227(b)(1)(B) or faxes under § 227(b)(1)(C), does not depend on the calls being telemarketing or advertising, which the FCC has confirmed in a 2015 ruling. *See In re: Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991* ("2015 Order"), 30 FCC Rcd. 7961, 2015 WL 4387780, ¶ 4 (July 10, 2015) (TCPA and implementing rules prohibit "making any non-emergency call using an automatic telephone dialing system ('autodialer') or an artificial or prerecorded voice to a *wireless* telephone number without prior express consent"); *id.* ¶ 123 (affirming that the TCPA "broadly prohibits" calls made using ATDS to any cellular phones "without limiting that restriction to telemarketing calls"). The Court acknowledges that the issue of whether the call includes an advertisement or constitutes telemarketing determines the form of required consent, as discussed below, but because here oral consent is not at issue, the Court need not determine whether Kelly's message falls into the advertisement or telemarketing category.

no actionable TCPA claim. Consent is an affirmative defense on which Kelly bears the burden of proof, with dismissal warranted only if Dolemba has pleaded herself out of court by alleging all the elements of the defense in her complaint. *See Toney v. Quality Res., Inc.*, 75 F. Supp. 3d 727, 734 (N.D. Ill. 2014) (defendant bears the burden of establishing affirmative defense of express consent, with a court able to dismiss suit on basis of such defense only if it is obvious on the face of the complaint); *Thrasher-Lyon v. Ill. Farmers Ins. Co.*, 861 F. Supp. 2d 898, 905 (N.D. Ill. 2012) (collecting cases noting that express consent is not an element of a plaintiff's TCPA prima facie case).

The form of consent required depends on the content of the call: if the call includes advertisement or constitutes telemarketing, the consent must be in writing, but if the call "is not for such purposes, the consent may be oral or written." 2015 Order, 30 FCC Rcd. 7961, ¶ 4; *see also id.* ¶ 9 ("Prior express consent for these calls must be in writing if the message is telemarketing, but can be either oral or written if the call is informational.").[3] Here, Kelly argues that even under the heightened standard requiring written consent, Dolemba's complaint fails because she provided her cellular phone number to Kelly in her employment application and, in the same application, expressly consented to Kelly using that phone number for "employment-related purposes." Doc. 35-1 at 5. This language, according to Kelly, encompasses the call Dolemba received from Kelly informing her of a potential job as a machine operator. Dolemba does not dispute that she provided her cellular number to Kelly in her employment application but instead argues that the call she received exceeded the scope of her consent and that her consent expired long before she received the call in 2016.

---

[3] The FCC's final orders bind the Court under the Hobbs Act. *See CE Design Ltd. v. Prism Bus. Media, Inc.*, 606 F.3d 443, 446–50 (7th Cir. 2010); *Toney*, 75 F. Supp. 3d at 734.

Taking her second argument first, "a called party may revoke consent at any time and through any reasonable means." 2015 Order, 30 FCC Rcd. 7961, ¶ 47. If an individual does not revoke his or her consent, however, it does not expire at some point in time on its own. *See Payton*, 164 F. Supp. 3d at 1065 (two year time lapse between consent and text message "of no significance, because consent under the TCPA does not have an expiration date and is considered effective until revoked"); *Kolinek v. Walgreen Co.* (*Kolinek I*), No. 13 C 4806, 2014 WL 518174, at *3 (N.D. Ill. Feb. 10, 2014) (any argument as to validity of consent due to passage of ten years between provision of number and receiving unlawful call would fail because consent under TCPA does not expire on its own), *vacated on other grounds*, *Kolinek II*, 2014 WL 3056813 (N.D. Ill. July 7, 2014).[4] Although the Court acknowledges that Dolemba need not have anticipated or pleaded revocation of consent in her complaint, she filed her second amended complaint to address the consent defense raised by Kelly in its previously filed motion to dismiss, and so Dolemba presumably would have included any allegations concerning revocation if she could have. Instead, Dolemba only maintains that she had no reason to believe her application remained active and that, "on information and belief," Kelly treats applications as outdated after some period of time. Doc. 35 ¶¶ 16–17. But the Court cannot reasonably construe these allegations as Dolemba conveying a revocation of her consent to Kelly through "reasonable

---

[4] Dolemba argues that the Court should not rely on *Kolinek I* because the court vacated that decision. But in vacating that opinion, the court did not reverse its position on the expiration of consent but instead found that it had erred in concluding that by providing one's cellular number, an individual consented to receiving all robocalls, regardless of their purpose. *See Kolinek II*, 2014 WL 3056813, at *4. Instead, the court held that "the scope of a consumer's consent depends on its context and the purpose for which it is given. Consent for one purpose does not equate to consent for all purposes." *Id.* This does not affect issues concerning the duration of consent, particularly in light of the FCC's 2015 Order addressing revocation of consent, which does not allow for the implied withdrawal of consent but rather requires a consumer to explicitly revoke consent "in any reasonable manner that clearly expresses [the consumer's] desire not to receive further calls." 2015 Order, 30 FCC Rcd. 7961, ¶ 70. The need for explicit communication of the withdrawal of consent indicates that consent cannot expire on its own, unless so provided in the giving of consent itself (*e.g.,* a document stating "I give my consent for you to contact me until x date").

means," for silence or inaction cannot be effective. Instead, the only inference the Court can draw from Dolemba's allegations is that she did not have further communications with Kelly after consenting to receive employment-related communications from Kelly, thus meaning that her consent remained valid in 2016. *See Kolinek I*, 2014 WL 518174, at *3 ("[C]onsent under the TCPA does not expire on its own; it must be revoked.").

Kelly next argues that Dolemba agreed to receive employment-related communications and that the message she received, recruiting for machine operators, falls within the scope of this consent. Dolemba, on the other hand, attempts to draw the bounds surrounding her consent more narrowly, alleging that she indicated in her application that she sought "positions using office skills such as accounts payable and accounts receivable, not as a machine operator." Doc. 35 ¶ 14. The "scope of the consent must be determined upon the facts of each situation." *In re GroupMe, Inc./Skype Comm'cns S.A.R.L. Petition for Expedited Declaratory Ruling*, 29 FCC Rcd. 3442, 2014 WL 1266074, ¶ 11 (Mar. 27, 2014). But Dolemba's attempt to recast her consent, which stated that she allowed Kelly to use her personal information for "employment-related purposes," Doc. 35-1 at 5, does not defeat Kelly's motion to dismiss. The call Dolemba received clearly related to an employment opportunity. Although not specifically tailored to the exact job interests Dolemba indicated in her application, it still fell within the broad consent she gave to Kelly to use her cellular phone number to contact her generally for employment-related purposes regardless of whether that job matched her job interests. *See Payton*, 164 F. Supp. 3d at 1065 ("[T]he initial reason for disclosing Payton's cellular number to Kale was to engage in discussions of developing a business relationship, and the text message received approximately two years after merged discussions had ended also related to developing a business relationship, albeit a different type of business relationship[.]"); *cf. Toney*, 75 F. Supp. 3d at 735–37 (in

providing phone number for questions about a merchandise order, plaintiff did not consent to calls offering membership services of another party); *Kolinek II*, 2014 WL 3056813, at *4 (court could not find on motion to dismiss that calls were within scope of consent where plaintiff initially gave phone number for identity verification purposes and then received calls reminding him to refill his prescription).  Because Dolemba has pleaded herself out of court by attaching her employment application, which indicates she consented to receiving calls from Kelly for employment-related purposes, the Court dismisses her TCPA claim.  Because any further amendment would be futile, the Court dismisses the claim with prejudice.

## II.     ICFA Claim

Dolemba also claims that Kelly engaged in unfair acts and practices by making the allegedly unauthorized robocall to her cellular phone, in violation of §§ 2 and 2Z of ICFA, 815 Ill. Comp. Stat. 505/2, 2Z.  To state an ICFA claim, Dolemba must allege (1) a deceptive or unfair act or practice by Kelly, (2) Kelly's intent that Dolemba rely on the deceptive or unfair practice, (3) the unfair or deceptive practice occurred in the course of conduct involving trade or commerce, and (4) Kelly's unfair or deceptive practice caused Dolemba actual damage.  *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 574 (7th Cir. 2012); *Kim v. Carter's Inc.*, 598 F.3d 362, 365 (7th Cir. 2010).  Dolemba may recover for either deceptive or unfair conduct, but she pursues only an unfair practices claim.  *Robinson v. Toyota Motor Credit Corp.*, 775 N.E.2d 951, 960, 201 Ill. 2d 403, 266 Ill. Dec. 879 (2002); *Siegel v. Shell Oil Co.*, 612 F.3d 932, 935 (7th Cir. 2010) ("A plaintiff may allege that conduct is unfair under ICFA without alleging that the conduct is deceptive.").  An unfair practices claim need not meet Rule 9(b)'s heightened pleading standard because it is not based on fraud.  *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 737 (7th Cir. 2014).

Conduct is considered unfair if it (1) violates public policy, (2) is "so oppressive that the consumer has little choice but to submit," or (3) causes consumers substantial injury. *Siegel*, 612 F.3d at 935. Here, Dolemba cannot meet any of these elements. Although violations of federal law offend public policy, *see G.M. Sign, Inc. v. Stergo*, 681 F. Supp. 2d 929, 935 (N.D. Ill. 2009), the Court has already concluded that Dolemba consented to receive phone calls from Kelly, meaning no TCPA violation occurred. Under the second factor, "[a] practice may be considered immoral, unethical, oppressive, or unscrupulous if it imposes a lack of meaningful choice or an unreasonable burden on the consumer." *Stonecrafters, Inc. v. Foxfire Printing & Packaging, Inc.*, 633 F. Supp. 2d 610, 616 (N.D. Ill. 2009) (internal quotation marks omitted) (citation omitted). Although Dolemba did not have much choice in receiving Kelly's call, receiving one prerecorded message does not rise to the level of an oppressive practice. *See Dolemba v. Ill. Farmers Ins. Co.*, --- F. Supp. 3d ----, 2016 WL 5720377, at *6 (N.D. Ill. Sept. 30, 2016) (receipt of one message not sufficient to meet second factor); *Mussat v. Power Liens, LLC*, No. 13-cv-7853, 2014 WL 3610991, at *3 (N.D. Ill. July 21, 2014) (although plaintiff had little choice in receiving faxes from defendant, the receipt of one, one-page fax from the defendant was not an oppressive burden). Finally, to satisfy the third factor, Dolemba must allege not only significant harm to herself but also the potential for harm to a large number of consumers. *Stonecrafters, Inc.*, 633 F. Supp. 2d at 617. Additionally, Dolemba's harm must arise from "actual economic damages that are more than *de minimis* or trifling in amount." *Dolemba*, 2016 WL 5720377, at *6. Dolemba claims that she suffered damages such as "loss of time and loss of battery life." Doc. 35 ¶ 35. Such damages "are so negligible from an economic standpoint as to render any damages unquantifiable." *Warciak v. One, Inc.*, No. 16 C 7426, 2016

WL 7374278, at *5 (N.D. Ill. Dec. 20, 2016); *Dolemba*, 2016 WL 5720377, at *6.  Thus, Dolemba has failed to allege that Kelly's actions constituted an unfair practice.

Alternatively, a knowing violation of any of the enumerated statutes in § 2Z of ICFA, including the ITA, *per se* establishes an unlawful practice.  *Doctors Direct Ins., Inc. v. Bochenek*, 38 N.E.3d 116, 126, 2015 IL App (1st) 142919, 395 Ill. Dec. 239 (2015).  The ITA prohibits playing a prerecorded message placed by an autodialer without the called party's consent.  815 Ill. Comp. Stat. 305/30(b).  The ITA defines a "recorded message" as "any taped communication soliciting the sale of goods or services without live voice interaction."  815 Ill. Comp. Stat. 305/5(c).  Dolemba argues that this definition does not apply to § 30(b) because § 30(b) uses the term "prerecorded message" and not "recorded message."  But the only reasonable construction of the ITA is to find the definition applies because all substantive references in the statue are to "prerecorded message," and otherwise the definition of "recorded message" would be rendered superfluous or unnecessary.  The definition has also been used to define the elements of the claim in the only case the parties and the Court have found that is on point.  *See Thrasher-Lyon*, 861 F. Supp. 2d at 906 (using the definition for "recorded message" for a claim under § 30(b)). Here, the message Kelly received did not solicit the sale of goods or services and instead provided information about a job opportunity.  *See AL & PO Corp. v. Med-Care Diabetic & Med. Supplies, Inc.*, 2014 WL 6999593, at *2 (N.D. Ill. Dec. 10, 2014) (finding that, for purposes of the TCPA, "drawing attention to a job opening does not equate to promoting the 'commercial availability or quality of any property, goods, or services'" (quoting 47 U.S.C. § 227(a)(5))).  Because the ITA cannot apply to Kelly's message to Dolemba, Dolemba cannot base her ICFA claim on a violation of the ITA.  The Court thus dismisses her ICFA claims.

Because the deficiencies identified here make amendment futile, the Court dismisses the claim with prejudice as well.

**III.    Class Allegations**

Kelly also moved to strike the class allegations from Dolemba's complaint.  Because the Court dismisses Dolemba's second amended complaint, however, the Court need not address Kelly's arguments regarding the propriety of a class action.  And because the Court dismisses Dolemba's second amended complaint, the Court also denies Dolemba's motions for class certification [8, 23] as moot.

**CONCLUSION**

For the foregoing reasons, the Court grants Kelly's motion to dismiss [36].  The Court dismisses the TCPA claim (Count I) and the ICFA claim (Count II) with prejudice.  The Court denies Dolemba's motions for class certification [8, 23] as moot.  This case is terminated.

Dated: January 31, 2017

_____
SARA L. ELLIS
United States District Judge